IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY LEWIS HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 421-007 |
| | ) | |
| WARDEN GREGORY McLAUGHLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the Middle District of Georgia, and Judge Tilman E. Self, III, transferred the petition to this Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner moved to proceed *in forma pauperis* ("IFP"), doc. no. 3), but subsequently paid the filing fee, (doc. entry February 18, 2021). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for leave to proceed IFP, (doc. no. 3), be **DENIED AS MOOT**, the § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

### I.     BACKGROUND

In May 2013, Petitioner was convicted and sentenced as a recidivist in Chatham County Superior Court to life without parole based on his convictions for rape, aggravated assault, and cruelty to children. (Doc. no. 1, p. 1; doc. no. 1-2, p. 2.) Petitioner filed a motion for a new

trial, and the trial court denied his motion on September 16, 2014.  On October 17, 2014, Petitioner pursued a direct appeal however his appeal and subsequent petition for certiorari were dismissed as untimely on April 21, 2015. (Doc. no. 1, p. 2; doc. no. 1-2, p. 2.)  See also Howard v. State, No. A15A1456, *slip op.* at 1 (Ga. Ct. App. (April 21, 2015), available at https://www.gaappeals.us/docket (select "Search Docket"; then search for "Steven Leonard Hunt," open A15A1456, click View Opinion/Order, last visited December 16, 2021).

Petitioner reports filing a state habeas corpus petition in the Superior Court of Macon County, Georgia, on May 17, 2017.  (Doc. no. 1, p. 2; doc. no. 1-2, p. 1.)  Petitioner further states the habeas court denied relief on January 17, 2020.  (Doc. no. 1, pp. 7-9; doc. no. 1-2, p. 9.)  The Supreme Court of Georgia denied Petitioner's appeal on October 5, 2020, for Petitioner's failure to timely submit a certificate of probable cause.  (Doc. no. 1, pp. 9, 11; doc. no. 1-3.)

Petitioner executed the instant federal habeas corpus petition on December 17, 2020, and he originally filed it in the Middle District of Georgia.  (Doc. no. 1-6.)  United States District Judge Tilman E. Self, III, transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in a Superior Court located within this District.  (Doc. no. 4.)  Petitioner claims:  (1) he was tried and convicted on an imperfect and void arrest warrant; (2) his indictment was not returned in open court; (3) the trial court lacked jurisdiction; (4) the trail court lacked subject matter jurisdiction; (5) he was tried and convicted of charges not on his indictment; (6) the trial court erroneously excluded testimony; and (7) the two indictments returned against Petitioner were fraudulent.  (Doc. no. 1, pp. 5-14.)

## II. DISCUSSION

### A. The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires."). Because Petitioner did not timely file a direct appeal following the denial of his motion for a new trial on September 16, 2014, his conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of

3

the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on or about October 17, 2014.

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file his state habeas petition until May 17, 2017. (Doc. no. 1, p. 2; doc. no. 1-2, p. 1.) Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed his state habeas petition, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in December of 2020, over six years after his conviction became final in 2014, is untimely. Notably, even if one credited Plaintiff for the entire time his untimely appeal pended before the Georgia Court of Appeals, he still waited more than one year from the decision on appeal, dated April 21, 2015, before filing the state habeas petition on May 17, 2017.

**B.      The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that

4

either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012)

5

(citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the approximately six years between when his convictions became final and when he filed his federal petition. Petitioner's only explanation for not filing for post-conviction relief is his incorrect assessment of tolling since "the last order of this state court's [sic] was on November 16, 2020 as such this petition is timely." (Doc. no. 1, p. 16.)

The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline").

Petitioner does not argue, let alone provide any factual detail, to support a finding he

made any efforts to determine when his federal statute of limitations began to run.  In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."  Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).  Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered.  Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA").  An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).  Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP.  See 28 U.S.C. § 1915(a)(3).

Further, a prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus.  The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2254 Proceedings.  The Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). For the reasons set forth above in § II supra, and in consideration of the standards

enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court should **DENY** a COA in this case.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for leave to proceed IFP, (doc. no. 3), be **DENIED AS MOOT**, the § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 14th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.